**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**

Civil Action No. 1:26-cv-03063-CNS-KAS

BROCK WISNE,
AIDAN SHAW,
AISLIN MALCOLM,
CADE TYSON,
ABIGAIL JEFFERIES,
ANTHONY JOHNSON,
LOUIE JORDAN,
JEFFERSON DE LA CRUZ MONEGRO,
ISAIAH JONES,
DIMOND LOOSLI,
BRETT GRIFFITHS, and
JAKE MORELL on behalf of themselves and all others similarly situated,

*Plaintiffs*,

v.

NATIONAL COLLEGIATE ATHLETIC ASSOCIATION,
*Defendant.*

---

**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES**
**IN SUPPORT OF MOTION FORULE 23(b)(2) CLASS CERTIFICATION**

---

**TABLE OF CONTENTS**

I.    INTRODUCTION ................................................................................................ 1

II.    FACTUAL BACKGROUND.............................................................................. 4

III.    ARGUMENT .................................................................................................... 5

    A.    The Proposed Class Satisfies the Requirements of Rule 23(a)........................................... 6

        1.    The Proposed Class is So Numerous That Joinder is Impracticable .............................. 6

        2.    Members of the Class Have Common Questions of Law and Fact ................................ 7

        3.    The Plaintiffs' Claims Are Typical of Class Members' Claims................................... 10

        4.    Plaintiffs and Plaintiffs' Counsel Will Adequately Protect The Interests Of The Proposed Class.................................................................................................... 11

    B.    The Proposed Class Satisfies Rule 23(b)(2)'s Requirements .......................................... 12

IV.    CONCLUSION................................................................................................. 14

## TABLE OF AUTHORITIES

**CASES**

*Adamson v. Bowen*,
  855 F.2d 668 (10th Cir. 1988) ................................................................................................ 11

*Alvarado Partners, L.P. v. Mehta*,
  130 F.R.D. 673 (D. Colo. 1990) ................................................................................................ 6

*Braver v. Northstar Alarm Servs., LLC*,
  329 F.R.D. 320 (W.D. Okla. 2018) ............................................................................................ 8

*Colo. Cross Disability Coal. v. Abercrombie & Fitch Co.*,
  765 F.3d 1205 (10th Cir. 2014) ............................................................................................ 6, 11

*Cook v. Rockwell Int'l Corp.*,
  151 F.R.D. 378 (D. Colo. 1993) ................................................................................................ 6

*D.B.U. v. Trump*,
  349 F.R.D. 228 (D. Colo. 2025) ........................................................................................ passim

*DG ex rel. Stricklin v. Devaughn*,
  594 F.3d 1188 (10th Cir. 2010) ...................................................................................... 8, 10, 13

*Eisen v. Carlisle & Jacquelin*,
  417 U.S. 156 (1974) .................................................................................................................... 5

*Gen. Tel. Co. of Sw. v. Falcon*,
  457 U.S. 147 (1982) ................................................................................................................ 8, 10

*Gutierrez v. Baltasar*,
  No. 25-CV-2720-RMR, 2025 WL 3251143 (D. Colo. Nov. 21, 2025) ............................ 7, 8, 10

*Horn v. Assoc. Wholesale Grocers, Inc.*,
  555 F.2d 270 (10th Cir. 1977) .................................................................................................... 6

*In re HomeAdvisor, Inc. Litig.*,
  345 F.R.D. 208 (D. Colo. 2024) ................................................................................................ 10

*J.B. ex rel. Hart v. Valdez*,
  186 F.3d 1280 (10th Cir. 1999) ............................................................................................... 8, 9

*Marisol A. v. Giuliani*,
  126 F.3d 372 (2d Cir. 1997) ..................................................................................................... 10

*Martinez v. Reams*,
  No. 20-cv-00977, 2021 WL 603054 (D. Colo. Feb. 16, 2021) ................................................. 13

*Menocal v. GEO Grp., Inc.*,
  882 F.3d 905 (10th Cir. 2018) ............................................................................................ 11

*Milonas v. Williams*,
  691 F.2d 931 (10th Cir. 1982) ............................................................................................ 11

*Monreal v. Potter*,
  367 F.3d 1224 (10th Cir. 2004) ............................................................................................ 8

*Neiberger v. Hawkins*,
  208 F.R.D. 301 (D. Colo. 2002) ........................................................................................... 6

*Pueblo of Zuni v. United States*,
  243 F.R.D. 436 (D.N.M. 2007) ............................................................................................ 6

*Rex v. Owens ex rel. Okla.*,
  585 F.2d 432 (10th Cir. 1978) .............................................................................................. 6

*Robidoux v. Celani*,
  987 F.2d 931 (2nd Cir. 1993) ............................................................................................... 7

*Rutter & Wilbanks Corp. v. Shell Oil Co.*,
  314 F.3d 1180 (10th Cir. 2002) .......................................................................................... 12

*Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*,
  559 U.S. 393 (2010) ............................................................................................................. 5

*Shook v. Bd. of Cnty. Comm'rs of Cnty. of El Paso*,
  543 F.3d 597 (10th Cir. 2008) ................................................................................ 2, 6, 8, 13

*Shook v. Bd. of Cnty. Comm'rs of Cnty. of El Paso*,
  2006 WL 1801379 (D. Colo. June 28, 2006) ....................................................................... 8

*Trevizo v. Adams*,
  455 F.3d 1155 (10th Cir. 2006) ........................................................................................ 7, 8

*Wal-Mart Stores Inc., v. Dukes*,
  564 U.S. 338, 360 (2011) ............................................................................................. passim

*Zuniga v. Bernalillo Cnty.*,
  319 F.R.D. 640 (D.N.M. 2016) ............................................................................................ 7

**OTHER AUTHORITIES**

*Division I*, NCAA
https://www.ncaa.org/division-i/ (last visited July 14, 2026) ...................................................... 7

Greg Johnson, *A record number of NCAA student athletes participated in 2024–2025*,
NCAA (Sept. 15, 2025), https://www.ncaa.org/media-center-a-record-number-of-ncaa-student-athletes-participated-in-2024-25/ ............................................................................................. 2

*NCAA Division I Age-Based Eligibility Rules: Eligibility 101*,
NCAA ELIGIBILITY CENTER, https://www.ncaa.org/eligibility-center/division-i-age-based-eligibility-rules/  (last visited Jul. 15, 2026).................................................................................. 4

*NCAA DIVISION I Age-Based Eligibility Rules: Eligibility 101*,
NCAA ELIGIBILITY CENTER, https://www.ncaa.org/eligibility-center/division-i-age-based-eligibility-rules/ (last visited Jul. 15, 2026).................................................................................. 1

**RULES**

Federal Rule of Civil Procedure 23 ............................................................................................. 5, 12

Federal Rule of Civil Procedure 23(a) ..................................................................................... 1, 5, 12

Federal Rule of Civil Procedure 23(a)(1) ......................................................................................... 6

Federal Rule of Civil Procedure 23(a)(2) ..................................................................................... 7, 9

Federal Rule of Civil Procedure 23(a)(3).......................................................................................... 10

Federal Rule of Civil Procedure 23(a)(4) ......................................................................................... 11

Federal Rule of Civil Procedure 23(b)(2) ................................................................................... passim

Federal Rule of Civil Procedure 23(b)(3) ........................................................................................ 1

**TREATISES**

William B. Rubenstein, *Newberg on Class Actions* § 3:12 (5th ed. 2017) ...................................... 6

## I.    INTRODUCTION

Plaintiffs Brock Wisne, Aidan Shaw, Aislin Malcolm, Cade Tyson, Abigail Jefferies, Anthony Johnson, Louie Jordan, Jefferson De La Cruz Monegro, Isaiah Jones, Dimond Loosli, Brett Griffiths, and Jake Morell (hereinafter "Plaintiffs"), on behalf of themselves and all others similarly situated, initiated this class action against Defendant the National Collegiate Athletic Association ("NCAA" or "Defendant") for violations of federal antitrust law and breach of contract related to the NCAA's implementation of a new eligibility rule on June 24, 2026 (the "Five-Year Eligibility Rule") in a manner designed to prevent Plaintiffs and the Class from playing their sports at an NCAA member college or university for the 2026-2027 season.[1]

Plaintiffs seek to certify the following class (the "Class") under Federal Rules of Civil Procedure 23(a) and 23(b)(2):[2]

> All persons in the United States who began to play in collegiate sports in the 2022–2023 season, competed in NCAA Division I sports, and completed four years of eligibility as defined by the NCAA's prior rules by the conclusion of the 2025–2026 season, and are therefore barred from playing a fifth season due to the NCAA's adoption and immediate implementation of the Five-Year Eligibility Rule.

Excluded from the Class are: (1) the Defendant's officers, directors, and employees; (2) any judicial officer presiding over this action and the members of his/her immediate family and judicial staff, and any juror assigned to this action; and (3) any student athlete who has filed an individual

---

[1] This rule is codified in section 12.6 of the Division I Manual and will be effective as of August 1, 2026. *See NCAA DIVISION I Age-Based Eligibility Rules: Eligibility 101*, NCAA ELIGIBILITY CENTER, https://www.ncaa.org/eligibility-center/division-i-age-based-eligibility-rules/ (last visited Jul. 15, 2026).

[2] After preliminary discovery, Plaintiffs anticipate filing a separate motion for class certification pursuant to Fed. R. Civ. P. 23(b)(3). This motion is filed concurrently with and in relation to Plaintiffs' Motion for a Temporary Restraining Order, or in the Alternative, a Preliminary Injunction.

1

or group claim regarding the Five-Year Eligibility Rule at the time of a motion for class certification in this action.[3]

The proposed class readily satisfies the requirements of Rule 23.

Numerosity is present. There are thousands of athletes who are currently affected by the Five-Year Eligibility Rule.[4]  All Class Members suffer the same injury for which injunctive relief is required: they will forever lose the opportunity to complete the remainder of their collegiate careers alongside their younger teammates who will benefit from the rule change.[5] And the Class raises common questions that will generate common answers, including whether NCAA's arbitrary application of the Five-Year Eligibility Rule to Plaintiffs and the Class so as to prevent them from playing a fifth season amounts to a violation of antitrust laws and anticompetitive conduct, and whether Plaintiffs and the Class are harmed by and are entitled to injunctive and declaratory relief as a result of the NCAA's implementation of the Five-Year Eligibility Rule. The Plaintiffs' legal claims are typical of those whom they seek to represent. Plaintiffs are represented by experienced counsel with significant experience litigating class actions and NCAA rule violation actions. And the proposed Class satisfies Rule 23(b)(2) because Defendant has acted or refused to act on grounds that apply generally to the Class by implementing the Five-Year Eligibility Rule. *See Wal-Mart Stores Inc., v. Dukes*, 564 U.S. 338, 360 (2011); *Shook v. Bd. of Cnty. Comm'rs of Cnty. of El Paso*, 543 F.3d 597, 604 (10th Cir. 2008). And, the Class would be

---

[3] This definition has been slightly modified from the Complaint filed in this case (ECF No. 1) to better clarify the exact individuals who began competition in 2022.

[4] By the NCAA's own count more than 200,000 athletes competed in Division I sports last year; while the Class is necessarily smaller, it will still be far more numerous than necessary to satisfy numerosity.  *See* Greg Johnson, *A record number of NCAA student athletes participated in 2024–2025*, NCAA (Sept. 15, 2025), https://www.ncaa.org/media-center-a-record-number-of-ncaa-student-athletes-participated-in-2024-25/

[5] In some cases, despite the NCAA's stated concern for athletes' educational opportunities, Class members will lose the scholarships and opportunities that they are counting on to finish their desired degrees.

amenable to uniform group remedies, such as enjoining Defendant from enforcing its Five-Year Eligibility Rule and Rule of Restitution[6] against Plaintiffs, Class Members, and the teams, in a manner that prevents Plaintiffs and Class Members from playing in the 2026-2027 season.

The Court should grant class certification under Rule 23(b)(2), appoint the Plaintiffs as Class Representatives, and appoint the undersigned as Class Counsel.

Two facts underpin this motion. First, outside the courtroom, the NCAA has repeatedly asserted that it cannot effectively perform its functions and cannot avoid defending antitrust lawsuits without a formal exemption from antitrust laws. This acknowledgment underscores the NCAA's own recognition of its monopsony position with no need to rely solely on the athletes' characterization here. Second, through a single, monopsonistic decision, the NCAA eliminated an entire class of athletes who graduated or turned nineteen in 2022 and completed four years of eligibility in 2026 from the collegiate labor pool. While the classes of 2018–2021 and 2023 forward were granted a fifth year of eligibility, the NCAA exercised its monopsony power to deny that same opportunity to Plaintiffs and those similarly situated. The NCAA's decision to arbitrarily single-out Plaintiffs and those similarly situated, by limiting them, and only them, to four seasons of competition within a five-year window, is imposing ongoing, substantial harm on these student-athletes' educational and financial opportunities resulting in harm that will, for many, dramatically

---

[6] The "Rule of Restitution," or NCAA Bylaw 12.9.4.2, is a regulation stating that "'if a [college] athlete who is ineligible under the terms of the bylaws or other [NCAA] legislation is permitted to participate in intercollegiate competition contrary to such NCAA legislation but in accordance with the terms of a court restraining order or injunction operative … and said injunction is voluntarily vacated, stayed or reversed or it is finally determined by the courts that injunctive relief is not or was not justified," the NCAA may take actions that punish the institution. *See* Mot. for Temporary Restraining Order, ECF No. 19, Shelquist Dec. Ex. 6 (hereinafter "NCAA Bylaws"). In other words, the Rule of Restitution allows the NCAA to retroactively punish an athlete, their coaches, teammates and opponents, and their institution if a court-ordered injunction is later overturned on appeal. That punishment is a severe one.

negatively affect the trajectory of their lives. This Court should prevent the NCAA from imposing arbitrary and unreasonable restrictions on this one group of college athletes.

## II.    FACTUAL BACKGROUND

A detailed background of this litigation is set forth in greater detail in Plaintiffs' simultaneously filed Motion for Temporary Restraining Order. *See* ECF No. 19. For purposes of the Court's consideration of the standards relevant to class certification, Plaintiffs highlight the following points.

The Five-Year Eligibility Rule provides for athletes in Division I programs to compete and seek compensation in addition to scholarships for five seasons in the five years following the first day of enrollment in a collegiate institution or the first semester following their 19th birthday, subject to narrow predetermined exemptions. The Plaintiffs have each completed just four years of collegiate sports since first enrolling in college. All are under 24 years of age. By a proper reading of the NCAA's own rule, they should be entitled to a fifth season. But the NCAA has decided that they are not.  In the same breath as it allows for certain students to be subject to either the previous rules or the new rule, "whichever is most beneficial to the [college] athlete," it says that athletes who used "their final season of competition (under previous rules) during [the] 2025-2026" season get no additional eligibility.[7]  The NCAA rule is silent as to when and where any athlete negotiated the terms of any contract or rule limiting them to four years either individually or through any collective bargaining arrangement. In other words, through no fault of their own and solely because of the NCAA's monopsony power enabled it to make the arbitrary decision that the high school class of 2023 would be the first beneficiaries of the new Five-Year Eligibility

---

[7] *NCAA Division I Age-Based Eligibility Rules: Eligibility 101*, NCAA ELIGIBILITY CENTER, https://www.ncaa.org/eligibility-center/division-i-age-based-eligibility-rules/  (last visited Jul. 15, 2026).

Rule, Plaintiffs and the Class are barred from receiving a fifth year of eligibility even though their peers and classmates will receive that substantial educational and financial benefit.

As a result of the NCAA's monopsony market power and this arbitrary decision, and absent intervention of this Court, Plaintiffs and the Class will be irreparably harmed by being deprived of the equal opportunity to participate in five seasons of athletic competition within the five-year window afforded to all other athletes and deprived of the tremendous educational benefits that come with such collegiate competition—harm that will, for many, dramatically negatively affect the trajectory of their lives. This Court should certify the Class and prevent the NCAA from imposing arbitrary and unreasonable restrictions on this one group of student-athletes.

## III.    ARGUMENT

A plaintiff whose suit satisfies the requirements of Federal Rule of Civil Procedure 23 has a "categorical" right "to pursue his claim as a class action." *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 398 (2010). "In determining the propriety of a class action, the question is not whether plaintiffs or petitioners have stated a cause of action or will prevail on the merits, but rather whether the requirements of Rule 23 are met." *D.B.U. v. Trump*, 349 F.R.D. 228, 235 (D. Colo. 2025) (quoting *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 178 (1974) (quotations omitted)) (Sweeney, J.). The "suit must satisfy the criteria set forth in [Rule 23(a)] (*i.e.*, numerosity, commonality, typicality, and adequacy of representation), and it also must fit into one of the three categories described in subdivision (b)." *Shady Grove Orthopedic Assocs., P.A.*, 559 U.S. at 398. As set forth below, Plaintiffs' proposed Class satisfies all four of the Rule 23(a) requirements and Defendant "has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole," as required under Rule 23(b)(2). "[A] single injunction or declaratory judgment

would provide relief to each member of the class," and therefore certification is appropriate under

Rule 23(b)(2). *See Dukes*, 564 U.S.at 360; *see also Shook*, 543 F.3d at 604.

### A. The Proposed Class Satisfies the Requirements of Rule 23(a)

#### 1. The Proposed Class is So Numerous That Joinder is Impracticable

The proposed class is sufficiently numerous to make joinder impracticable. Fed. R. Civ. P.

23(a)(1). "There is no set formula to determine if the class is so numerous that it should be so

certified." *Colo. Cross Disability Coal. v. Abercrombie & Fitch Co.*, 765 F.3d 1205, 1215 (10th

Cir. 2014) (citing *Rex v. Owens ex rel. Okla.*, 585 F.2d 432, 436 (10th Cir. 1978)). In determining

whether a proposed Class meets the numerosity requirement, "the exact number of potential

members need not be shown," and a court "may make 'common sense assumptions' to support a

finding that joinder would be impracticable." *Neiberger v. Hawkins*, 208 F.R.D. 301, 313 (D. Colo.

2002). Moreover, the determination turns not solely on the size of the proposed class, but on the

facts of each case. *Pueblo of Zuni v. United States*, 243 F.R.D. 436, 444 (D.N.M. 2007) (citing

*Alvarado Partners, L.P. v. Mehta*, 130 F.R.D. 673, 675 (D. Colo. 1990)). There are several "factors

that enter into the impracticability issue . . . includ[ing] the nature of the action, the size of the

individual claims, and the location of the members of the class . . . that is the subject matter of the

dispute." *Colo. Cross Disability Coal.*, 765 F.3d at 1215 (citing *Horn v. Assoc. Wholesale Grocers,*

*Inc.*, 555 F.2d 270, 275 (10th Cir. 1977)).

Courts also consider the "financial resources of class members, and the ability of claimants

to institute individual suits," as well as the "judicial economy arising from the avoidance of a

multiplicity of actions." William B. Rubenstein, *Newberg on Class Actions* § 3:12 (5th ed. 2017).

"Satisfaction of the numerosity requirement does not require that joinder is impossible, but only

that plaintiff will suffer a strong litigational hardship or inconvenience if joinder is required." *Cook*

*v. Rockwell Int'l Corp.*, 151 F.R.D. 378, 384 (D. Colo. 1993); *see also Zuniga v. Bernalillo Cnty.*,

6

319 F.R.D. 640 (D.N.M. 2016) (for purposes of Rule 23(a), "[i]mpracticable does not mean impossible." (quoting *Robidoux v. Celani*, 987 F.2d 931, 935 (2nd Cir. 1993))). Because the numerosity requirement is a "fact-specific inquiry," this Court has "wide latitude" to determine if it is satisfied. *Trevizo v. Adams*, 455 F.3d 1155, 1162 (10th Cir. 2006).

The proposed Class easily meets the numerosity requirement. The Class includes the named Plaintiffs[8] and other athletes who came to college in 2022, completed four years of collegiate sports, and have been arbitrarily declared ineligible by the NCAA to compete for a fifth year as part of the four-year class that would graduate in 2026. Compl. ¶¶ 6, 20-31, 51. There are likely thousands of athletes who will be affected by the Five-Year Eligibility Rule. Compl. ¶ 57. *See also Division I*, NCAA https://www.ncaa.org/division-i/ (last visited July 14, 2026) (citing "190,000+" Division I athletes and "billions of dollars in athletics scholarships" awarded every year by Division I schools); *Gutierrez v. Baltasar*, No. 25-CV-2720-RMR, 2025 WL 3251143, *3 (D. Colo. Nov. 21, 2025) ("Joinder of 500 noncitizens is impracticable, and that does not include any future unknown members — noncitizens who will be arrested and detained under § 1225(b)(2) in the District of Colorado in the future.")

2. Members of the Class Have Common Questions of Law and Fact

"Rule 23(a)(2) is disjunctive: a plaintiff may satisfy its commonality requirement if there are questions of law *or* fact common to the class." *D.B.U.*, 349 F.R.D. 228, 237 (D. Colo. 2025) (citations and internal quotations omitted) (emphasis added); *Gutierrez*, 2025 WL 3251143, *3. The claims asserted by the proposed Class here include common questions of law *and* fact that satisfy Rule 23(a)(2).

---

[8] The named Plaintiffs are Brock Wisne, Aidan Shaw, Aislin Malcolm, Cade Tyson, Abigail Jefferies, Anthony Johnson, Louie Jordan, Jefferson De La Cruz Monegro, Isaiah Jones, Dimond Loosli, Brett Griffiths, and Jake Morell.

At bottom, "[c]ommonality requires the plaintiff to demonstrate that the class members 'have suffered the same injury.'" *Dukes*, 564 U.S. at 349–50 (quoting *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 157 (1982)). The class claims must "depend upon a common contention . . . capable of classwide resolution -- which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Braver v. Northstar Alarm Servs., LLC*, 329 F.R.D. 320, 328 (W.D. Okla. 2018) (citing *Dukes*, 564 U.S. at 350). Even a single question of law or fact common to the entire class need be identified to support a finding of commonality, *J.B. ex rel. Hart v. Valdez*, 186 F.3d 1280, 1288 (10th Cir. 1999); *D.B.U.*, 349 F.R.D. at 237, and factual differences between class members' claims do not defeat certification where common questions of law exist, *DG ex rel. Stricklin v. Devaughn*, 594 F.3d 1188, 1195 (10th Cir. 2010). "Whether a case should be allowed to proceed as a class action involves intensely practical considerations . . . . Each case must be decided on its own facts, on the basis of 'practicalities and prudential considerations." *Trevizo*, 455 F.3d at 1163 (quoting *Monreal v. Potter*, 367 F.3d 1224, 1238 (10th Cir. 2004)).

Plaintiffs in this case have identified a "single policy, custom, procedure or alleged administrative deficiency" that "unites the claims of the plaintiffs or the putative class members," —the arbitrary and unreasonably restriction of access to college and the opportunities of collegiate athletic competition—that provides the basis for every Class member's injury. *Shook v. Bd. of Cnty. Comm'rs of Cnty. of El Paso*, 2006 WL 1801379, at *9 (D. Colo. June 28, 2006), *aff'd sub nom. Shook v. Bd. of Cnty. Comm'rs of Cnty. of El Paso*, 543 F.3d 597 (10th Cir. 2008); *Gutierrez*, 2025 WL 3251143, *3. In addition to this common injury, numerous questions are common to the proposed Class:

- whether Defendant violated the antitrust laws;

8

- whether Defendant engaged in monopsonistic anticompetitive conduct;

- whether Plaintiffs and the Class were harmed by Defendant's conduct;

- whether Defendant entered into an unlawful contract, combination, or conspiracy by agreeing to artificially fix, depress, maintain, and/or stabilize Division I athlete opportunities for Name, Image, and Likeness ("NIL") and educational tuition scholarships;

- whether Defendant unreasonably established and/or maintained monopsony levels of market power by limiting and continuing to limit the field of athletes eligible for scholarships, competitive opportunities, NIL payments, and other renumeration and rewards related to performance and participation in Defendants' athletics;

- whether the conduct of Defendant and any co-conspirator caused members of the Class to receive fewer opportunities to pursue higher education while participating in collegiate sports than members of the Class would have received in the absence of the Defendant's unjustified and anticompetitive restrictions;

- whether the conduct of Defendant and any co-conspirator caused members of the Class to receive less NIL and other compensation than members of the Class would have received in the absence of the Defendant's unjustified and anticompetitive restrictions; and

- whether Plaintiffs and members of the Class are entitled to injunctive and declaratory relief to end Defendant's conduct.

Any one of these common issues, standing alone, is enough to satisfy Rule 23(a)(2)'s permissive standard. *J.B.*, 186 F.3d at 1288. Answering any one of these common legal questions will "drive the resolution of the litigation." *Dukes*, 564 U.S. at 350. Should the Court agree that the NCAA

9

cannot lawfully single-out Plaintiffs and the Class by limiting them, and only them, to four seasons of competition within a five-year window, all Class Members will benefit from the requested relief, which includes a declaration that NCAA's enforcement of its Five-Year Eligibility Rule is unlawful and an injunction preventing the NCAA from enforcing its Five-Year Eligibility Rule and Rule of Restitution against Plaintiffs, Class Members, and their teams, or by enforcing roster limits or other rules that would prevent Plaintiffs and Class Members from playing in the 2026-2027 season.

### 3.    The Plaintiffs' Claims Are Typical of Class Members' Claims

Plaintiffs here have claims typical of the proposed Class. *See* Fed. R. Civ. P. 23(a)(3). The typicality requirement ensures that the absent Class Members are adequately represented by the lead plaintiffs such that the interests of the class will be fairly and adequately protected in their absence. *Falcon*, 457 U.S. at 157 n.13. Typicality "is satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *In re HomeAdvisor, Inc. Litig.*, 345 F.R.D. 208, 223 (D. Colo. 2024) (citing *Marisol A. v. Giuliani*, 126 F.3d 372, 376 (2d Cir. 1997)).  Plaintiffs "are not required to share the same factual circumstances of other class members, particularly where questions of law… are common to the class."  *Gutierrez*, 2025 WL 3251143, *4 (*quoting D.B.U.*, 349 F.R.D. at 237 (internal quotation marks omitted).  The interests and claims of the lead plaintiffs and the Class Members need not be identical to satisfy typicality and, provided the claims of the lead plaintiff and Class Members are based on the same legal or remedial theory, differing fact situations of the Class Members do not defeat typicality. *Devaughn*, 594 F.3d at 1198-99.

Typicality is satisfied here for largely the same reasons that commonality is satisfied. *See Falcon*, 457 U.S. at 157–158, n.13 ("The commonality and typicality requirements of Rule 23(a) tend to merge"). Each proposed Class member, including the proposed Class representatives, faces

the same categories of harm, *see* Compl. ¶¶ 49-54, based on the same NCAA Five-Year Eligibility Rule, which is unlawful as to the entire Class because it violates Section 1 of the Sherman Act. Plaintiffs thus share an identical interest in invalidation of Defendant's implementation of the Five-Year Eligibility Rule.    *See Adamson v. Bowen*, 855 F.2d 668, 676 (10th Cir. 1988) ("[D]iffering fact situations of class members do not defeat typicality under Rule 23(a)(3) so long as the claims of the class representative and class members are based on the same legal or remedial theory." (citations omitted)); *Milonas v. Williams*, 691 F.2d 931, 938 (10th Cir. 1982) (concluding commonality and typicality requirements were met where "all of the [class members] were in danger of being subjected to the [challenged] practices"); *Colo. Cross Disability Coal.*, 765 F.3d at 1216 ("The commonality and typicality requirements of Rule 23(a) do not require that every member of the class share a fact situation identical to that of the named plaintiff." (citation omitted)); *Menocal v. GEO Grp., Inc.*, 882 F.3d 905, 914 (10th Cir. 2018) ("[D]iffering fact situations of class members do not defeat typicality ... so long as the claims of the class representative and class members are based on the same legal or remedial theory." (quotations omitted)).  Moreover, as with commonality, any factual differences that might exist here between Plaintiffs and proposed Class Members are not enough to defeat typicality.

    4.   <u>Plaintiffs and Plaintiffs' Counsel Will Adequately Protect the Interests of the Proposed Class</u>

Plaintiffs and undersigned counsel also fulfill the final requirement that "[t]he representative parties will fairly and adequately protect the interests of the class."  Fed. R. Civ. P. 23(a)(4).  The Tenth Circuit has identified two questions relevant to the adequacy of representation inquiry: (i) whether the named plaintiffs and their counsel have any conflicts with other proposed class members; and (ii) whether the named plaintiffs and their counsel will vigorously prosecute

the action on behalf of the class. *See Rutter & Wilbanks Corp. v. Shell Oil Co.*, 314 F.3d 1180, 1187–88 (10th Cir. 2002).

Here, there are no differences that create conflicts between the named Plaintiffs' interests and the Class Members' interests. Plaintiffs will fairly and adequately protect the interests of the proposed Class. Plaintiffs do not seek any unique or additional benefit from this litigation that may make their interests different from or adverse to those of absent Class Members. Instead, Plaintiffs aim to secure relief that will protect them and the entire Class from Defendant's challenged policy and to enjoin the NCAA from further violations. Plaintiffs have no incentive to deviate from this class relief. Nor do Plaintiffs seek financial gain at the cost of absent Class Members' rights.

In addition, proposed Class counsel includes experienced attorneys with extensive experience in complex immigration cases and class action litigation. *See* Shelquist Declaration. As the Shelquist Declaration makes clear, proposed Class counsel have been appointed class counsel in numerous successful class action cases.

### B.    The Proposed Class Satisfies Rule 23(b)(2)'s Requirements

Rule 23 requires that, in addition to satisfying the requirements of Rule 23(a), a putative class must also fall within one of the parts of subsection (b). At this preliminary stage of the litigation, Plaintiffs seek class certification under Rule 23(b)(2), which provides that a class action is appropriate when "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2).[9] "The key to the (b)(2) class is the indivisible nature of the injunctive or declaratory remedy warranted—the notion that the

---

[9] Plaintiffs anticipate filing a motion for class certification pursuant to Rule 23(b)(3) after class certification discovery is conducted.

12

conduct is such that it can be enjoined or declared unlawful only as to all of the class members or as to none of them." *Dukes*, 564 U.S. at 360 (citation omitted).

"Rule 23(b)(2) imposes two requirements. In the first place, 'the defendants' actions or inactions must be based on grounds generally applicable to all class members.'" *Shook*, 543 F.3d at 604. Second, "that final injunctive relief be appropriate for the class as a whole." *Id*. (emphasis omitted); *see also Martinez v. Reams*, No. 20-cv-00977, 2021 WL 603054, at *2 (D. Colo. Feb. 16, 2021); *D.B.U.*, 349 F.R.D. at 240. Both requirements are met under the circumstances of this case.

*First*, the NCAA has acted on grounds that apply generally to the Class by subjecting them all to the same Five-Year Eligibility Rule. *Devaughn*, 594 F.3d at 1201 ("[C]ertification is appropriate even if the defendant's action or inaction 'has taken effect or is threatened only as to one or a few members of the class, provided it is based on grounds which have general application to the class.'" (quoting Fed. R. Civ. P. 23(b)(2), 1966 Amendment advisory committee note); *D.B.U.*, 349 F.R.D. at 240 (plaintiffs satisfied the two requirements of Rule 23(b)(2)). *Second*, the proposed Class is sufficiently cohesive because the requested class wide injunctive relief would satisfy Rule 65(d)'s requirement that every injunction "state its terms specifically; and describe in reasonable detail ... the act or acts restrained or required," and because Class Members' injuries are "sufficiently similar" that they can be remedied in a single injunction without differentiating between Class Members. *Id.* Plaintiffs seek injunctive and declaratory relief that would benefit them as well as all members of the proposed Class in the same fashion.

The Class is exactly the kind of class that Rule 23(b)(2) is meant to embrace. The Class's interests are sufficiently related to warrant aggregate litigation. While some individual actions have commenced, many do not have the financial resources to pursue litigation against Defendant.

It is far more efficient for this Court to grant injunctive and declaratory relief protecting all the Class Members than to force individuals to pursue piecemeal litigation.

## IV.    CONCLUSION

The Court should grant the Motion in its entirety and certify the Class pursuant to Rule 3(b)(2).

Dated:  July 15, 2026

Respectfully submitted,

*/s/ Robert K. Shelquist*
Robert K. Shelquist
**CUNEO GILBERT FLANNERY & LaDUCA, LLP**
5775 Wayzata Blvd., Suite 620
St. Louis Park, MN 55416
Telephone: 202-789-3960
rshelquist@cuneolaw.com

*/s/ Christian Hudson*
Christian Hudson
Alexandra Klein
**CUNEO GILBERT FLANNERY & LaDUCA, LLP**
222 Livingston Street, Unit 2
Brooklyn, NY 11201
Telephone: 202-789-3960
christian@cuneolaw.com
aklein@cuneolaw.com

Michael J. Flannery
**CUNEO GILBERT FLANNERY & LaDUCA, LLP**
2 City Place Drive, 2nd Floor
St. Louis, MO 63141
Telephone: 314-226-1015
mflannery@cuneolaw.com

Alexandra Warren*
**CUNEO GILBERT FLANNERY & LaDUCA, LLP**
2445 M Street NW, Ste. 740
Washington, D.C. 20037

14

Telephone: 202-789-3960
awarren@cuneolaw.com

Bruce L. Braley
Alex R. Wilschke
Brian N. Aleinikoff
Adrian G. Johnson
**LEVENTHAL PUGA BRALEY P.C.**
950 S. Cherry St., Suite 600
Denver, CO 80246
Telephone: 303-759-9945
Facsimile: 303-759-9692
bbraley@leventhal-law.com
awilschke@leventhal-law.com
brian@leventhal-law.com
ajohnson@leventhal-law.com

Elliot S. Abrams
**CHESHIRE PARKER SCHNEIDER
& ABRAMS, PLLC**
133 Fayetteville Street, 4th Floor
P.O. Box 1029
Raleigh, NC 27602
Telephone: 919-833-3114
elliot.abrams@cheshirepark.com

J. Barton Goplerud*
**SHINDLER, ANDERSON, GOPLERUD &
WEESE, P.C.**
5015 Grand Ridge Drive, Suite 100
West Des Moines, IA 50265-5749
Telephone: 515-223-4567
Facsimile:  515-223-8887
goplerud@sagwlaw.com

C. Peter Goplerud III*
**NATIONAL LITIGATION LAW GROUP**
401 W. Broadway Ave.
Enid, OK 73701
Telephone:  904-502-9515
pgoplerud@nationlit.com

15

Robert A. Boland\*
Diana Florence\*
**SHUMAKER, LOOP &
KENDRICK, LLP**
1000 Jackson Street
Toledo, OH 43604
rboland@shumaker.com
dflorence@shumaker.com

*Attorneys for Plaintiffs and the Proposed Class*
*\* to be admitted.*

16