# EXHIBIT C

**From:** Rakesh Kilaru
**To:** Rob Shelquist; Christian Hudson
**Cc:** wechter.andrea@dorsey.com; kappelman.ben@dorsey.com; taylor.askew@hklaw.com; David J Zeitlin; maude.kristina@dorsey.com; Adrian Johnson; Bruce Braley; Alex Wilschke; Brian Aleinikoff; elliott.abrams@cheshirepark.com; gopelrud@sagwlaw.com; Diana J. Florence; Michael Flannery; Alex Klein; Team NCAA Class; Jaylon Jackson; pgoplerud; Robert A. Boland; Alex Warren; goplerud
**Subject:** RE: Wisne v. NCAA - 7/15 Filings
**Date:** Monday, August 3, 2026 4:35:14 PM

Rob,

Judge Sweeney clarified yesterday that her injunction does not displace any NCAA transfer rules and is limited to the rules actually addressed in her Friday opinion. (We would add that your TRO/PI motion contained no analysis or evidence regarding any NCAA transfer rule.) Our position is not that "the 5th year college athlete class can only compete at the school they attended in the 2025-26 season"; we have not provided that guidance to any school. Our position is that the NCAA transfer rules remain in effect, and if they place restraints on student-athletes or schools seeking to roster student-athletes, those restraints remain in place.

Thanks,
Rakesh

**From:** Rob Shelquist <rshelquist@cuneolaw.com>
**Sent:** Monday, August 3, 2026 12:18 PM
**To:** Rakesh Kilaru <rkilaru@wilkinsonstekloff.com>; Christian Hudson <christian@cuneolaw.com>
**Cc:** wechter.andrea@dorsey.com; kappelman.ben@dorsey.com; taylor.askew@hklaw.com; David J Zeitlin <david.zeitlin@hklaw.com>; maude.kristina@dorsey.com; Adrian Johnson <ajohnson@leventhal-law.com>; Bruce Braley <bbraley@leventhal-law.com>; Alex Wilschke <awilschke@leventhal-law.com>; Brian Aleinikoff <brian@leventhal-law.com>; elliott.abrams@cheshirepark.com; gopelrud@sagwlaw.com; Diana J. Florence <dflorence@shumaker.com>; Michael Flannery <mflannery@cuneolaw.com>; Alex Klein <aklein@cuneolaw.com>; Team NCAA Class <TeamNCAAClass@leventhal-law.com>; Jaylon Jackson <jjackson@wilkinsonstekloff.com>; pgoplerud <pgoplerud@nationlit.com>; Robert A. Boland <rboland@shumaker.com>; Alex Warren <awarren@cuneolaw.com>; goplerud <goplerud@sagwlaw.com>
**Subject:** Re: Wisne v. NCAA - 7/15 Filings

Rakesh:

Thank you for letting us know that you need more time. Please provide a time when we will hear back so that we are not disadvantaged if motion practice is necessary.
Rob

Robert K. Shelquist
Cuneo Gilbert Flannery & LaDuca, LLP
5775 Wayzata Blvd., Suite 620
St. Louis Park, MN 55416
Phone: 612-254-7288
www.cuneolaw.com

---

**From:** Rakesh Kilaru <rkilaru@wilkinsonstekloff.com>
**Sent:** Monday, August 3, 2026 10:56 AM
**To:** Rob Shelquist <rshelquist@cuneolaw.com>; Christian Hudson <christian@cuneolaw.com>
**Cc:** wechter.andrea@dorsey.com <wechter.andrea@dorsey.com>; kappelman.ben@dorsey.com <kappelman.ben@dorsey.com>; taylor.askew@hklaw.com <taylor.askew@hklaw.com>; David J Zeitlin <david.zeitlin@hklaw.com>; maude.kristina@dorsey.com <maude.kristina@dorsey.com>; Adrian Johnson <ajohnson@leventhal-law.com>; Bruce Braley <bbraley@leventhal-law.com>; Alex Wilschke <awilschke@leventhal-law.com>; Brian Aleinikoff <brian@leventhal-law.com>; elliott.abrams@cheshirepark.com <elliott.abrams@cheshirepark.com>; gopelrud@sagwlaw.com <gopelrud@sagwlaw.com>; Diana J. Florence <dflorence@shumaker.com>; Michael Flannery <mflannery@cuneolaw.com>; Alex Klein <aklein@cuneolaw.com>; Team NCAA Class <TeamNCAAClass@leventhal-law.com>; Jaylon Jackson <jjackson@wilkinsonstekloff.com>; pgoplerud <pgoplerud@nationlit.com>; Robert A. Boland <rboland@shumaker.com>; Alex Warren <awarren@cuneolaw.com>; goplerud <goplerud@sagwlaw.com>
**Subject:** RE: Wisne v. NCAA - 7/15 Filings

Hi Rob: We will respond this afternoon. Thanks.

---

**From:** Rob Shelquist <rshelquist@cuneolaw.com>
**Sent:** Sunday, August 2, 2026 9:20 PM
**To:** Rakesh Kilaru <rkilaru@wilkinsonstekloff.com>; Christian Hudson <christian@cuneolaw.com>
**Cc:** wechter.andrea@dorsey.com; kappelman.ben@dorsey.com; taylor.askew@hklaw.com; David J Zeitlin <david.zeitlin@hklaw.com>; maude.kristina@dorsey.com; Adrian Johnson <ajohnson@leventhal-law.com>; Bruce Braley <bbraley@leventhal-law.com>; Alex Wilschke <awilschke@leventhal-law.com>; Brian Aleinikoff <brian@leventhal-law.com>; elliott.abrams@cheshirepark.com; gopelrud@sagwlaw.com; Diana J. Florence <dflorence@shumaker.com>; Michael Flannery <mflannery@cuneolaw.com>; Alex Klein <aklein@cuneolaw.com>; Team NCAA Class <TeamNCAAClass@leventhal-law.com>; Jaylon Jackson <jjackson@wilkinsonstekloff.com>; pgoplerud <pgoplerud@nationlit.com>; Robert A. Boland <rboland@shumaker.com>; Alex Warren <awarren@cuneolaw.com>; goplerud <goplerud@sagwlaw.com>
**Subject:** Re: Wisne v. NCAA - 7/15 Filings
**Importance:** High

Rakesh and Counsel:

It has come to our attention that following Judge Sweeney's Order earlier today that the NCAA is now providing guidance that the 5th year college athlete class can only compete at the school they attended in the 2025-26 season and are otherwise barred from the market to compete for roster spots at any school with openings. Please confirm if this is in fact the NCAA's position being communicated to the schools. If it is not, then we would ask the NCAA to provide immediate corrective guidance that the 5th year collage athlete class may negotiate with and sign to pursue educational and athletic opportunities at any school which has an opening.

If you confirm that – notwithstanding the Judge's clarification that the NCAA is enjoined from using the five year rule or any other NCAA Bylaw to keep Class Members from competing this year - the NCAA is taking the position that 5th year college athlete class members are not eligible to sign with any school, then please let us know if the NCAA is willing to provide immediate guidance that the 5th year collage athlete class may negotiate with and sign to pursue educational and athletic opportunities at any school which has an opening. The Court's order is not limited to the Five-Year Rule. It provides that "the NCAA is enjoined from prohibiting Plaintiffs and Class Members from competing in a fifth season of collegiate athletics under the Rule (as defined in the preliminary injunction order) or any NCAA Bylaw." ECF No. 41 at 6.

We do not want to burden the Court with another motion when the market definition and class definition encompass all Division I schools, and that the Judge's Orders are clear that these athletes should not be further injured by the NCAA ignoring the scope of the injunction opening the entirety of the market. We view the guidance, if true, as using rules, bylaws, or bylaw interpretations to frustrate the introduction of these Plaintiffs and this class fully into the marketplace.

Please provide answers to both questions by noon eastern time tomorrow so we can determine whether the NCAA's guidance position currently is and whether corrected guidance consistent with the Judge's Orders will be voluntarily sent out or if our clients and class members must seek Court intervention to enforce the preliminary injunction on an expedited basis.

Thank you for your attention to this matter.

Rob

Robert K. Shelquist
Cuneo Gilbert Flannery & LaDuca, LLP