# EXHIBIT G

| | |
|---|---|
| DISTRICT COURT, CITY AND COUNTY OF DENVER, COLORADO<br>Court Address: Denver City & County Building<br>1437 Bannock Street<br>Denver, Colorado 80202<br>Telephone No.: (303) 606-2300 | ▲COURT USE ONLY▲ |
| **Plaintiffs:** DONOVAN BRANCH, et al.,<br>v.<br>**Defendant:** NATIONAL COLLEGIATE ATHLETIC ASSOCIATION | Case No.:2026CV32732<br><br>Courtroom: 209 |
| *Counsel for Defendant*<br>Andrea Ahn Wechter, Colo. Reg. No. 43722<br>DORSEY & WHITNEY, LLP<br>1400 Wewatta Street, Suite 400<br>Denver, Colorado 80202<br>Telephone: (303) 629-3400<br>Fax: (303) 629-3450<br>Email: wechter.andrea@dorsey.com<br><br>Taylor J. Askew (*pro hac vice* pending)<br>David Zeitlin (*pro hac vice* pending)<br>HOLLAND & KNIGHT<br>Symphony Place 150 Third Ave. South, Ste. 2800<br>Nashville, TN 37201<br>Telephone: (615) 850-8113<br>Email: taylor.askew@hklaw.com<br>Email: david.zeitlin@hklaw.com | |

**DEFENDANT NATIONAL COLLEGIATE ATHLETIC ASSOCIATION'S MOTION TO VACATE THE UPCOMING AUGUST 12, 2026 HEARING FOR GOOD CAUSE**

Defendant National Collegiate Athletic Association ("NCAA"), by and through its undersigned counsel, hereby files this Motion to Vacate or Continue the Evidentiary Hearing on Plaintiffs' Amended Motion for Temporary Restraining Order and Preliminary Injunction ("Amended PI Motion").

**<u>Certification of Conferral Pursuant to C.R.C.P. 121 § 1-15(8)</u>:** Pursuant to C.R.C.P. 121 § 1-15(8), counsel for the NCAA conferred with Plaintiffs' counsel on August 4, 2026 regarding the relief requested herein. Plaintiffs' counsel opposes this Motion.

In support of its motion, the NCAA states as follows:

## INTRODUCTION

Plaintiffs are athletes who have completed, and thus exhausted, four seasons of competition in collegiate sports within a five-year period—the eligibility granted under the NCAA's former "Five-Year Rule." In June 2026, after Plaintiffs exhausted their eligibility at the end of the 2025-26 season, the NCAA adopted a new rule that would allow student athletes to play (up to) five seasons of competition within a five-year period triggering from enrollment in college or the season immediately following a student's 19th birthday, whichever is earlier (*i.e.* an aged-based eligibility rule). However, that rule did not apply retroactively to those students who had exhausted their eligibility by completing their four seasons of competition under the former Five-Year Rule in the 2025-26 season. Taking issue with their exclusion in the implementation of the rule, Plaintiffs brought this action to require that the new rule apply to them to provide them with a fifth season of competition for the 2026-27 season.

However, Plaintiffs are seeking emergency relief to address an emergency that does not exist following the *Wisne* injunction on July 31, 2026. As made clear throughout their filings in this case, Plaintiffs are closely following the federal class action lawsuit before Judge Charlotte N. Sweeney in the United States District Court for the District of Colorado, *Wisne v. National Collegiate Athletic Association*, No. 1:26-CV-3063-CNS-KAS (D. Colo.) ("*Wisne*"). Indeed, Plaintiffs nearly exclusively rely on *Wisne* to support their requested preliminary relief. Other than

a single case explaining the Colorado standard for temporary restraining orders and preliminary injunctions, *Wisne* is the *only* case law plaintiffs cite throughout the entirety of their original and amended motions for temporary restraining order and preliminary injunction.

On July 31, 2026, Judge Sweeney certified a class that includes Plaintiffs and granted that class the preliminary relief Plaintiffs now seek: an injunction against the NCAA from implementing the new rule as currently promulgated, thus preventing the NCAA from barring the class under the rule.[1] But instead of recognizing that developments in *Wisne* have obviated Plaintiffs' asserted need to seek emergency preliminary relief, Plaintiffs now seek an "immediate ruling" on their Amended PI Motion. Because *Wisne* has already granted Plaintiffs the relief they seek in this lawsuit on an emergency basis, good cause exists to vacate or continue the hearing set for August 12, 2026 at 1:30 p.m. and deny the injunction on the papers submitted.

## RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

### **The *Wisne* Class Action**

On July 8, 2026, Brock Wisne and eleven other student-athletes filed a class action complaint in the District of Colorado, seeking, like Plaintiffs, injunctive relief forcing the NCAA to retroactively apply its newly-passed age-based eligibility rule (to those who first enrolled as student-athletes in the 2022-23 school year and had used up their four seasons of competition, under the prior "Five-Year Rule," at the end of the 2025-26 season) to grant the class a fifth season of eligibility that they would have received under the new rule had they enrolled in college a year later (and not exhausted their eligibility).

[1] As the NCAA will explain further below, Plaintiff Jordan Herman is not a member of the *Wisne* Class. But his exclusion from the *Wisne* Class is also fatal to his claims.

On July 31, 2026, Judge Sweeney certified a class in *Wisne* of the following individuals:

> All persons in the United States who began to play in collegiate sports in the 2022-2023 season, competed in NCAA Division I sports, and completed four years of eligibility as defined by the NCAA's prior rules by the conclusion of the 2025-2026 season, and are therefore barred from playing a fifth season due to the NCAA's adoption and immediate implementation of the Five-Year Eligibility Rule. (the "*Wisne* Class")

*Wisne* Order Granting Class Certification, **Ex. A** at 17. That same day, Judge Sweeney granted preliminary injunctive relief on behalf of the Class, enjoining the NCAA from applying the rule to bar Class Members from competing in a fifth season of NCAA competition during the 2026–2027 season (the "*Wisne* Injunction"). *Wisne* Order Granting Preliminary Injunction, **Ex. B**; *see also* *Wisne* Order Clarifying Injunction, **Ex. C**. While the NCAA has filed a notice of appeal of the injunction to the Tenth Circuit, the injunction is currently in effect,[2] and some Class Members have already begun practicing with an NCAA team. *See, e.g.*, NCAA's Motion to Vacate at 3, *Fuller v. NCAA*, No. 2:26-cv-1974 (D. Nev. Aug. 3, 2026), ECF No. 34 (establishing that *Wisne* Class Member seeking individual relief was already practicing following entry of the *Wisne* Injunction); *see also* Minutes of Proceedings, *Fuller v. NCAA*, No. 2:26-cv-1974 (D. Nev. Aug. 3, 2026), ECF No. 36 (noting plaintiff-athlete's withdrawal of his motion for temporary restraining order and preliminary injunction at the court's request following the *Wisne* Injunction).

**<u>Plaintiffs' Instant Case</u>**

Plaintiffs filed their complaint and original Motion for Temporary Restraining Order and Preliminary Injunction on July 28, 2026, twenty days after *Wisne* was filed. Plaintiffs heavily

---

[2] Although the NCAA has also moved to stay the injunction pending appeal, the motion is not fully briefed and unless and until the injunction is stayed, Plaintiffs have no irreparable harm. Should a stay enter in the future, Plaintiffs could then refile a motion for preliminary injunction.

reference *Wisne* throughout their filings and seek substantially the same relief as the *Wisne* plaintiffs. On August 2, 2026, Plaintiffs filed their Amended Complaint and Amended Motion for Temporary Restraining Order and Preliminary Injunction (the "Amended PI Motion"), along with a Notice of Supplemental Authority and Request for Judicial Notice, asking the Court to take notice of Judge Sweeney's class certification and preliminary injunction orders in *Wisne*.

Plaintiffs' Amended Complaint and Amended PI Motion include the following Plaintiffs: Donovan Branch, Jordan Herman, Bryson Taylor, Maddy Whitman, Luke Rhoa, Michael Leo, Finn Thomson, Aaron Toguri, Patrick Crogan, and D'Mon Brinson. Based on their exclusion from the amended pleadings, the NCAA understands (as confirmed by Plaintiffs' counsel) that former plaintiffs Joey Spallina and Billy Dwan are no longer parties to this action.

**Plaintiffs, Except Jordan Herman, are Members of the *Wisne* Class**

According to the Amended Complaint (the "FAC"), Plaintiffs contend that they are all members of the *Wisne* Class, alleging that they "each began their collegiate careers in 2022 and completed four seasons of NCAA Division I intercollegiate competition under the NCAA's former eligibility framework." FAC ¶ 1. As such, each Plaintiff has been granted a fifth year of eligibility for the 2026–2027 season pursuant to Judge Sweeney's order granting preliminary injunctive relief on behalf of the *Wisne* Class Representatives and Class Members.

Indeed, the injunctive relief granted in *Wisne* is what Plaintiffs complained of, arguing: "Each Plaintiff remains within, or otherwise satisfies the principles of, the NCAA's newly adopted five-season eligibility philosophy, yet the NCAA refuses to permit Plaintiffs to compete during the 2026-2027 academic year solely because they exhausted four seasons of competition before the NCAA's new eligibility model became effective." *Id.*; *see also generally* FAC (arguing that

this 2022 transition class should not be excluded from the new framework). Plaintiffs have received the relief sought and there can be no "irreparable harm" that would result from a denial of a second injunction. Indeed, it cannot be Plaintiffs' position that they do not have a fifth year of eligibility under *Wisne* if this Court denies relief in this action with a second injunction.

Unlike the other Plaintiffs, Jordan Herman does not appear to be a member of *Wisne* class. However, this also supports vacating the hearing. Herman began his collegiate career during the 2021–2022 season (a year prior to the 2022-23 season class), at Hutchinson Community College. FAC ¶ 26; *see also Jordan Herman*, FLORIDA GATORS, https://floridagators.com/sports/football/roster/jordan-herman/15878 (last visited Aug. 5, 2026) (establishing that Herman played at Hutchinson in 2021); *Jordan Herman*, CHARLOTTE 49ERS, https://charlotte49ers.com/sports/football/roster/jordan-herman/11670 (last visited Aug. 5, 2026) (same). But, importantly, Herman's exclusion from the *Wisne* Class means that he would also be ineligible under the NCAA's new age-based eligibility framework, which provides student-athletes with five years of eligibility beginning at the start of the academic year following their nineteenth birthday or upon full-time enrollment at a collegiate institution (including a junior college), whichever comes sooner. *See NCAA Division I Age-Based Eligibility Rules*, NCAA, https://www.ncaa.org/eligibility-center/division-i-age-based-eligibility-rules/ (last visited Aug. 5, 2026). Under that rule, even if it applied to Herman, Herman's five-year eligibility period began in 2021 when he enrolled at Hutchinson Community College and expired at the close of the 2025–2026 season.

**ARGUMENT**

Modifications to the Court's schedule and continuances of hearings are both appropriate

upon a showing of "good cause." C.R.C.P. 16(e), 121 § 1-11. "Good cause exists when there are unforeseen and exceptional circumstances warranting a continuance." *Jordan v. Lopez*, No. 2024CV31774, 2025 Colo. Dist. LEXIS 783, at * (Denver Dist. Ct. Apr. 2, 2025) (citing *Todd v. Bear Valley Village Apartments*, 980 P.2d 973, 976 (Colo. 1999)). "In determining whether good cause exists, courts examine whether a motion to continue arises from unexpected events and the prejudice to the other side." *Id.* (citing *Fitzmayer v. Neuman*, No. 2013CV33522; 2014 WL 5528573 at *3 (Denver Dist. Ct., Aug. 18, 2014)). The NCAA's motion to vacate the hearing on Plaintiffs' Amended PI Motion relies on the *Wisne* Injunction, which has granted Plaintiffs the relief they now seek from this Court. Good cause exists to grant the motion because Plaintiffs will not be prejudiced as they are members of the defined *Wisne* class and have already received the relief sought (while Herman is not a member of the class he would have already exhausted the five-years of eligibility even under the new framework). On the other hand, proceeding with a hearing will only require both sides to incur attorneys' fees and costs and would not work to preserve judicial resources.

Importantly, as a result of the *Wisne* Orders, Plaintiffs are now eligible to compete in a *fifth* season in the 2026–27 academic year. Because they have already received the relief they now request, they cannot show the immediate and irreparable harm necessary under Rule 65. While Plaintiffs may now argue that they seek other relief as well, that is belied by Plaintiffs' own statements in support of their claim: "The relief requested in this case is ***materially narrower*** than the relief approved in *Wisne*." August 2, 2026 Notice of Supplemental Authority at 3 (emphasis added); *see also* August 2, 2026 Motion for Immediate Ruling at 3 (same). Indeed, Plaintiffs clarify that they do not seek the full relief *Wisne* provided but seek the narrower relief "only where a

member institution voluntarily elects to roster a Plaintiff, an available roster position exists, and participation will not displace any current student-athlete, incoming 2026 recuirt, or committed transfer student-athlete or reduce any existing scholarship, athletics-related financial aid, NIL opportunity, permissible institutional revenue-sharing allocation, or other existing athletics related benefit." *Id.* Thus, Plaintiffs' requested relief in this case is ***wholly subsumed*** by the relief that was granted to them in *Wisne*.

Not only does this obviate the need for this Court to afford Plaintiffs' the emergency treatment they have requested (and thus far been given), it precludes a finding that they face a "real immediate and irreparable injury," sufficient to warrant preliminary injunctive relief. *See Tesmer v. Colo. High Sch. Activities Ass'n*, 140 P.3d 249, 252 (Colo. App. 2006). Although the NCAA has been unable to locate any decisions by Colorado courts confronting a request for preliminary relief where another court has already granted the plaintiffs the relief they seek, courts around the country have found that it precludes a finding of irreparable harm. *See Faust v. Vilsack*, No. 21-C-546, 2021 WL 2806204, at *3 (E.D. Wis. July 6, 2021); *Hawai'i v. Trump*, 233 F. Supp. 3d 850, 853 (D. Haw. 2017); *Nat'l Urban League v. DeJoy*, No. 20-cv-2391, 2020 WL 6363959, at *11 (D. Md. Oct. 29, 2020) ("[E]xisting court orders meaningfully remedy any harm this relief would tend to address[.]"); *Int'l Refugee Assistance Project v. Trump*, No. 17-cv-0361, 2017 WL 1315538, at *2 (D. Md. Apr. 10, 2017) (finding that "in light of the current nationwide injunction . . . a stay would not impose any hardship on Plaintiffs or result in irreparable harm"); *see also California v. Trump,* No. 21-C-548, 2019 WL 2715421, at *5 (N.D. Cal. 2019) (denying duplicative permanent injunction) *aff'd* 963 F.3d 926 (9th Cir. 2020). Of course, to the extent that Plaintiffs have not been able to find an institution or roster spot since the *Wisne* Injunction, despite the additional year of

eligibility granted, that further supports the lack of any irreparable harm.

Importantly, at least one other court since the July 31, 2026 *Wisne* Injunction has found that a *Wisne* Class member's parallel request for a preliminary injunction should not move forward while the *Wisne* Injunction is in place. *See* Minutes of Proceedings, *Fuller v. NCAA*, No. 2:26-cv-1974 (D. Nev. Aug. 3, 2026), ECF No. 36 (noting plaintiff-athlete's withdrawal of his motion for temporary restraining order and preliminary injunction at the court's request following the *Wisne* Injunction).

The NCAA is cognizant that Plaintiff Herman is not a member of the *Wisne* Class (despite the broad grouping in the Amended Complaint) as he began his collegiate career a year earlier in the 2021-22 season (vs. the 2022-23 season defined in the *Wisne* Class). But, as explained above, that also means he is ineligible even if the new age-based rule were to apply to him. And Plaintiffs, including Plaintiff Herman, base their right to relief on "the NCAA's exercise of its contractual discretion in categorically excluding this limited group of student-athletes from the benefit of the NCAA's newly adopted five-season eligibility framework." Amended PI Motion at 2. But, the "benefit" is five years of eligibility, and Plaintiff Herman is unequivocally ineligible under that framework as he has had five years of eligibility since the 2021-2022 season. Accordingly, he has no cause of action and no right to relief, much less any immediate or irreparable harm that could be prevented by an injunction.

**CONCLUSION**

Other than Plaintiff Herman, who simply has no claim, Plaintiffs—who are members of the *Wisne* Class—have been afforded the relief they request (a fifth season to compete in the 2026-27 season) by virtue of the *Wisne* Injunction. And Plaintiff Herman has exhausted five years of

eligibility even if the new framework were applied to him. This obviates the need for any hearing on Plaintiffs' Amended PI Motion. In order to conserve fees, costs, and judicial resources, the NCAA respectfully requests that the hearing set for August 12, 2026 be vacated and that the Amended PI Motion be denied on the papers.

Respectfully submitted this 5th day of August, 2026.

DORSEY & WHITNEY LLP

*s/ Andrea Ahn Wechter*
Andrea Ahn Wechter, Colo. Reg. No. 43722
1400 Wewatta Street, Suite 400
Denver, Colorado 80202
Telephone: (303) 629-3400
Facsimile: (303) 629-3450
Email: wechter.andrea@dorsey.com

Taylor Askew (*pro hac vice* pending)
David Zeitlin (*pro hac vice* pending)
HOLLAND & KNIGHT
Symphony Place 150 Third Ave. South, Ste. 2800
Nashville, TN 37201
Telephone: (615) 850-8113
Email: taylor.askew@hkklaw.com
Email: david.zeitlin@hklaw.com

*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 5, 2026, I caused a true and accurate copy of the foregoing document, titled **DEFENDANT NATIONAL COLLEGIATE ATHLETIC ASSOCIATION'S MOTION TO VACATE THE UPCOMING AUGUST 12, 2026 HEARING FOR GOOD CAUSE**, to be filed via the Colorado Courts eFiling system (CCE), which will provide notice of the filing and availability of such document by electronic mail to the following recipient:

Peter Schaffer
400 South Steele Street 47
Denver, Colorado 80209
Phone Number: (303) 961-3300
E Mail: Peterschaffer8@gmail.mom

*Attorney for Plaintiffs*

*s/ Andrea Ahn Wechter*
DORSEY & WHITNEY LLP